**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**BERNARD P. GOLLOMP,**

                              **Plaintiff,**

                  v.                                                  1:06-CV-802
                                                                              (FJS/RFT)

**ELIOT SPITZER, individually and in his**
**official capacity as Attorney General of**
**the State of New York; STATE OF NEW**
**YORK; UNIFIED COURT SYSTEM OF**
**THE STATE OF NEW YORK; BRUCE**
**MULDOON, ESQ., individually and**
**in his official capacity as law clerk; TOWN**
**OF ORANGETOWN; THOM KLEINER,**
**individually and in his official capacity as**
**Supervisor of the Town of Orangetown;**
**ERIC DUBBS; MICHELE DUBBS; and**
**SEYMOUR DUBBS, ESQ.,**

                              **Defendants.**
_____

| **APPEARANCES** | **OF COUNSEL** |
|---|---|
| **GALVIN AND MORGAN**<br>217 Delaware Avenue<br>Delmar, New York 12054<br>Attorneys for Plaintiff | **JAMES E. MORGAN, ESQ.**<br>**MADELINE SHEILA GALVIN, ESQ.** |
| **OFFICE OF THE NEW YORK**<br>**STATE ATTORNEY GENERAL**<br>The Capitol<br>Albany, New York 12224<br>Attorneys for Defendants Eliot Spitzer,<br>State of New York, Unified Court<br>System of the State of New York and<br>Bruce Muldoon | **MORGAN A. COSTELLO, AAG** |

| | |
|---|---|
| **OFFICE OF DENNIS D. MICHAELS** | **DENNIS D. MICHAELS, ESQ.** |

42 Burd Street
Nyack, New York 10960
Attorneys for Defendants Town of
Orangetown and Thom Kleiner

**ERIC DUBBS**
Palisades, New York 10964
Defendant *pro se*

**MICHELE DUBBS**
Palisades, New York 10964
Defendant *pro se*

**SEYMOUR DUBBS**
New City, New York 10956
Defendant *pro se*

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Currently before the Court are the motions of Defendants Eliot Spitzer, the State of New York, the Unified Court System of the State of New York, and Bruce Muldoon (collectively "the State Defendants") (1) to dismiss Plaintiff's claims for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, (2) to dismiss Plaintiff's claims for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and (3) for sanctions against Plaintiff's attorneys pursuant to 28 U.S.C. § 1927. *See* State Defendants' Notice of Motion at 1. In addition, Defendants Town of Orangetown and Thom Kleiner ("the Town Defendants") filed an affirmation in support of, and joining in, the State Defendants' motion to dismiss Plaintiff's claims, as did *pro se* Defendants Eric Dubbs and Michele Dubbs and *pro se* Defendant Seymour Dubbs.

The Court heard oral argument in support of, and in opposition to, these motions on January 26, 2007. At the close of argument, the Court issued an oral decision from the bench, in which, among other things, the Court granted Defendants' motions to dismiss Plaintiff's complaint in their entirety and granted the State Defendants' motion for sanctions against Plaintiff's counsel pursuant to 28 U.S.C. § 1927. The following is the Court's written decision setting forth the reasons for its rulings.

## II. BACKGROUND

On June 28, 2006, Plaintiff filed his original complaint in this action, consisting of sixty-one pages, 493 paragraphs, and twenty-two separate causes of action. *See* Dkt. No. 1; Affirmation of Morgan A. Costello dated November 15, 2006 ("Costello Aff."), at ¶ 4. Specifically, Plaintiff alleged that Defendants violated his rights under the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution; and he sought redress under 28 U.S.C. §§ 1981, 1983, 1985(3), and 2000e. *See id.* For his injuries, Plaintiff sought compensatory damages of $2.5 million for each cause of action as well as an unspecified amount of punitive damages.

On or about August 10, 2006, the State Defendants served upon Plaintiff's counsel a memorandum of law in support of their motion for sanctions against Plaintiff's counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* Costello Aff. at ¶ 10 and Exhibit "C" attached thereto. The State Defendants also sent Plaintiff's counsel a letter advising them that the State Defendants intended to file a Rule 11 motion if counsel did not withdraw or appropriately correct the complaint within twenty-one days. *See id.* at ¶ 11.

On or about August 30, 2006, the State Defendants and the Rockland County Defendants filed a Stipulation with the Court in which they agreed not to file their motions seeking dismissal of the complaint and sanctions against Plaintiff's counsel until September 15, 2006, to give counsel an opportunity to address the points raised in those motions. *See id.* at ¶ 15. Apparently in response to these motions, Plaintiff's counsel, on behalf of Plaintiff, filed an Amended Complaint on September 15, 2006. *See id.* at ¶ 16. The State Defendants assert that, "[a]part from dropping the claims against DEC and DOH and shortening the pleading from 493 to 152 paragraphs and from 61 pages to 24 pages, the Amended Complaint failed to appropriately correct most of the sanctionable conduct identified by State Defendants in the Rule 11 motion." *See id.*

On September 18, 2006, Magistrate Judge Treece issued an Oral Order directing that the Amended Complaint be removed from the docket and directing counsel either to file a stipulation to amend or a motion for leave to amend the complaint. *See* Unnumbered Dkt. entry dated September 19, 2006. On October 13, 2006, the parties filed a stipulation to allow Plaintiff to file an amended complaint. *See* Dkt. No. 33. On October 24, 2006, Magistrate Judge Treece issued an Order accepting the stipulation and instructing Plaintiff to file an amended complaint on or before October 27, 2006. *See* Dkt. No. 38. In conformance with that Order, Plaintiff filed his Amended Complaint on October 27, 2006. *See* Dkt. No. 39.

On November 8, 2006, Magistrate Judge Treece held a telephone conference with counsel to discuss a number of issues, including the State Defendants' Rule 11 motion. After that conference, Magistrate Judge Treece issued an Order instructing Plaintiff to amend his Amended Complaint to strike any reference to the County Defendants and to file the Second Amended

Complaint on or before November 15, 2006. *See* Dkt. No. 48. Plaintiff filed his Second Amended Complaint on November 15, 2006. *See* Dkt. No. 53.

The Second Amended Complaint is almost identical to the Amended Complaint. The only differences are that Plaintiff deleted the causes of action that he had asserted against the County Defendants in the Amended Complaint. Thus, the Second Amended Complaint consists of twenty-three pages (rather than twenty-four pages), 141 paragraphs (rather than 152 paragraphs), and ten separate causes of action (rather than twelve causes of action). *See* Dkt. No. 53.[1] More specifically, Plaintiff attempts to assert claims under 42 U.S.C. § 1983, 18 U.S.C. § 242, 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, 28 U.S.C. § 1651, 18 U.S.C. § 505, the Civil Rights Act of 1866, the Civil Rights Act of 1868, the First, Fourth and Fifth Amendments to the United States Constitution, the laws and statutes of the State of New York, including but not limited to New York State Penal Law § 170.05, and the New York State Constitution, Article I, § 11.

---

[1] The jurisdictional section of Plaintiff's Second Amended Complaint consists of twenty paragraphs. *See* Second Amended Complaint at ¶¶ 1-20. In the last paragraph of that section, Plaintiff states that he is invoking this Court's jurisdiction "pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, 1345, 1443, 2201 and 2283." *See id.* at ¶ 20. The Court notes that several of these sections have absolutely no relevance to any of Plaintiff's claims, for example, § 1337 ("Commerce and antitrust regulations; amount in controversy, costs"), § 1345 ("United States as plaintiff"), and § 2283 ("Stay of State court proceedings").

# III. DISCUSSION

A.     **State Defendants' motion to dismiss**[2]

The State Defendants contend that Plaintiff's Second Amended Complaint "is patently frivolous and should be dismissed with prejudice, without leave to amend" for the following reasons. *See* State Defendants' Memorandum of Law at 1-2.

> 1. The Eleventh Amendment bars Plaintiff's claims against the State, the Unified Court System, and Defendants Spitzer and Muldoon in their official capacities.
>
> 2. Plaintiff fails to state a claim upon which relief may be granted against the State, the Unified Court System, and Defendants Spitzer and Muldoon in their official capacities under 42 U.S.C. §§ 1981, 1983, 1985(3) and/or 1986.
>
> 3. Plaintiff fails to state a claim upon which relief may be granted against Defendants Spitzer and Muldoon in their individual capacities.
>
> 4. Judicial immunity bars Plaintiff's claims against Defendant Muldoon in both his official and personal capacity as the former law clerk to a New York Supreme Court Justice.

*See id.*[3]

The Court will address each of these arguments briefly.

---

[2] Although the State Defendants directed their motion to Plaintiff's Amended Complaint, the Court has reviewed the motion with reference to the Second Amended Complaint. As noted, other than removing his claims against the County Defendants, i.e., the County of Rockland and Edward I. Gorman, individually and in his capacity as Rockland County Clerk, there is no difference between the two pleadings. Therefore, although the State Defendants included references and arguments relating to Plaintiff's claims against Defendant Gorman in their submissions, the Court will not address those claims.

[3] The State Defendants also claim that the Court lacks subject matter jurisdiction over several of Plaintiff's claims based upon the *Rooker-Feldman* doctrine. *See* State Defendants' Memorandum of Law at 2. Given the other bases for dismissal of Plaintiff's claims, the Court finds that it need not address this one.

### *1. The Eleventh Amendment*

It is well-established that the Eleventh Amendment bars any suit in federal court against a state or its agencies for either money damages or injunctive relief absent the state's consent or Congress' abrogation of the state's sovereign immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *McGinty v. New York*, 251 F.3d 84, 91 (2d Cir. 2001). This same sovereign immunity applies to state governmental entities that act as arms of the state. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977). Defendant Unified Court System is an arm of the state for purposes of the Eleventh Amendment. *See Del Re v. Del Re*, No. 05-CV-3490, 2005 WL 1962341, *2 (E.D.N.Y. Aug. 10, 2005) (dismissing claims seeking damages against the Unified Court System as barred by the Eleventh Amendment). Similarly, the protections of the Eleventh Amendment extend to Defendants Spitzer and Muldoon in their official capacities. *See Edelman v. Jordan*, 415 U.S. 651, 676-77 (1974); *Pennhurst State Sch. & Hosp.*, 465 U.S. at 102 (holding that "suit[s] against state officials that [are] in fact . . . suit[s] against a State [are] barred [under the Eleventh Amendment] regardless of whether [they] seek[] damages or injunctive relief" (citation omitted)); *Salvador v. Lake George Park Comm'n*, No. 1:98-CV-1987, 2001 WL 1574929, *2 (N.D.N.Y. Mar. 28, 2001) (citations omitted), *aff'd*, 2002 WL 741835 (2d Cir. Apr. 26, 2002).

Finally, to the extent that Plaintiff contends that he is seeking prospective injunctive relief, even a cursory reading of his Second Amended Complaint demonstrates that any such claims must fail. First, insofar as Plaintiff is attempting to compel the State Defendants to perform a duty under state law to investigate Plaintiff's allegations about a "forged signature" on

an official document, the law is very clear that a federal court may not grant relief – whether prospective or retrospective – against State officials based upon violations of state law. *See Pennhurst State Sch. & Hosp.*, 465 U.S. at 106; *Dube v. State Univ. of N.Y.*, 900 F.2d 587, 595 (2d Cir. 1990) (citation omitted). To the extent that Plaintiff is attempting to compel the State Defendants to comply with federal law, his request for an injunction does not, in effect, seek prospective relief because it does not concern an ongoing state plan or practice that violates federal law.

In sum, the Eleventh Amendment clearly bars all of Plaintiff's claims against the State, the Unified Court System and Defendants Spitzer and Muldoon in their official capacities. Accordingly, the Court grants the State Defendants' motion to dismiss such claims for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.[4]

### *2. Plaintiff's claims under §§ 1983, 1985(3) and 1986 against the State, the Unified Court System, and Defendants Spitzer and Muldoon in their official capacities*

It is well-established that states, their agencies and their officers and employees in their official capacities are not "persons" for purposes of §§ 1983, 1985(3) and 1986. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989) (citations omitted); *Komlosi v. N.Y.S. Office of Mental Retardation Developmental Disabilities*, 64 F.3d 810, 815 (2d Cir. 1995)

---

[4] The Court notes that Plaintiff's argument that Eleventh Amendment jurisprudence is in a state of "flux" is without merit. As Judge McAvoy noted in *Gaboury v. Town of Roxbury*, No. 98-CV-1753, 1999 WL 244829 (N.D.N.Y. Apr. 19, 1999), a case in which Plaintiff's counsel represented the plaintiff, Eleventh Amendment immunity "is not a mercurial area of law, but has been definitively settled by the Supreme Court since 1890 with respect to actions against the state itself, . . ., and 1945 with respect to actions against state agencies or state officials named in their official capacity. . . ." *Id.* at *3 (internal citations omitted).

(citations omitted). Accordingly, the Court grants the State Defendants' motion to dismiss Plaintiff's §§ 1983, 1985(3) and 1986 claims against the State, the Unified Court System and Defendants Spitzer and Muldoon in their official capacities for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### 3. Plaintiff's §§ 1983, 1985(3) and 1986 claims against Defendants Spitzer and Muldoon in their individual capacities

#### a. Plaintiff's § 1983 claims

To state a claim under § 1983, a plaintiff must demonstrate that (1) the defendants acted under color of state law and that (2) their conduct deprived the plaintiff of a right, privilege or immunity guaranteed by the Constitution or laws of the United States. *See Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted). Moreover, to withstand a motion to dismiss, a § 1983 complaint "must contain specific allegations of fact indicating a deprivation of [the] plaintiff's constitutional rights." *Dove v. City of N.Y.*, No. 99 CIV 3020, 2000 WL 342682, *2 (S.D.N.Y. Mar. 30, 2000) (citations omitted). Furthermore, a plaintiff must allege the defendant's direct or personal involvement in the alleged constitutional deprivation. *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (quotation omitted). Thus, to hold a supervisor liable under § 1983, a plaintiff must show that he either (1) participated directly in the alleged constitutional violation, (2) failed to remedy the wrong after being informed of the violation through a report or appeal, (3) created a policy or custom under which unconstitutional practices occurred or allowed the continuance of such a policy or custom, (4) was grossly negligent in supervising the subordinates who committed the wrongful acts, or (5) exhibited deliberate

indifference to the rights of the plaintiff by failing to act on information indicating that unconstitutional acts were occurring. *See id.* (citation omitted).

In his submissions in opposition to the State Defendants' motion to dismiss, Plaintiff does not address his § 1983 claims, other than a passing reference to personal involvement. Moreover, as the State Defendants point out, "[n]owhere in his [Second] Amended Complaint does [P]laintiff explain how [Defendants] Spitzer . . . or Muldoon were personally involved in the alleged violation of his constitutional rights." *See* State Defendants' Memorandum of Law at 15. Accordingly, the Court grants the State Defendants' motion to dismiss Plaintiff's § 1983 claims against Defendants Spitzer and Muldoon in their individual capacities for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### b. Plaintiff's § 1985(3) claims

Section 1985(3) provides, in pertinent part, that

> **(3) Depriving persons of rights or privileges**
> If two or more persons in any State . . . conspire . . . for the purpose of depriving, either directly or indirectly, any person . . . of the equal protection of the laws, or of equal privileges and immunities under the laws; . . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is . . . deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3).

To assert a claim under § 1985(3), a plaintiff must allege that the defendants, with racial or other class-based discriminatory animus, conspired to deprive the plaintiff of a constitutional or other federal right. *See LeBlanc-Sternberg v. Fletcher*, 67 F.3d 412, 426-27 (2d Cir. 1995) (quotation omitted). Moreover, "'diffuse and expansive allegations are insufficient'" to allege a conspiracy "'unless amplified by specific instances of misconduct.'" *Dwares v. City of N.Y.*, 985 F.2d 94, 100 (2d Cir. 1993) (quotation and other citation omitted). Finally, "[i]t is firmly established that only those persons who fall within a protected class may assert claims pursuant to § 1985(3)." *Gaboury v. Town of Roxbury*, No. 98-CV-1753, 1999 WL 244829, *3 (N.D.N.Y. Apr. 19, 1999) (citations omitted).

Plaintiff's complaint is devoid of any specific factual allegations that would support his conclusory assertions that Defendants Spitzer and Muldoon conspired against him because of his age. Plaintiff appears to have constructed this hypothesis in a last-ditch attempt to save his § 1985(3) claim. However, he cites no law, nor could the Court find any, to support his legal argument that age is a protected class for purposes of § 1985(3). Accordingly, the Court grants the State Defendants' motion to dismiss § 1985(3) claims against Defendants Spitzer and Muldoon in their individual capacities for failure to state a clam upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### *c. Plaintiff's § 1986 claims*

Section 1986 provides, in pertinent part, that

> [e]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in

-11-

>>preventing the commission of the same, neglects or refuses so to
>>do, if such wrongful act be committed, shall be liable to the party
>>injured, or his legal representatives, for all damages caused by such
>>wrongful act, which such person by reasonable diligence could
>>have prevented; and such damages may be recovered in an action
>>on the case; and any number of persons guilty of such wrongful
>>neglect or refusal may be joined as defendants in the action; . . .
>>But no action under the provisions of this section shall be sustained
>>which is not commenced within one year after the cause of action
>>accrued.

42 U.S.C. § 1986.

"'[A] § 1986 claim must be predicated upon a valid § 1985 claim.'" *Brown v. City of Oneonta*, 106 F.3d 1125, 1133 (2d Cir. 1997) (quotation omitted). In addition, knowledge of the wrongs conspired to be done in violation of § 1985 "is a statutory prerequisite to suit under . . . § 1986." *Buck v. Bd. of Elections*, 536 F.2d 522, 524 (2d Cir. 1976) (citation omitted).

As noted, Plaintiff's § 1985(3) claims fail and, therefore, his § 1986 claims must fail. Accordingly, the Court grants the State Defendants' motion to dismiss Plaintiff's § 1986 claims against Defendants Spitzer and Muldoon in their individual capacities for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### *4. Judicial immunity and Plaintiff's claims against Defendant Muldoon*

It is "well established that officials acting in a judicial capacity are entitled to absolute immunity against § 1983 actions, and this immunity acts as a complete shield to claims for money damages." *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (citations omitted). "The concern for the integrity of the judicial process underlying the absolute immunity of judges also

is reflected in the extension of absolute immunity to 'certain others who perform functions closely associated with the judicial process.'" *Olivia v. Heller*, 839 F.2d 37, 39 (2d Cir. 1988) (quotation omitted). The doctrine of absolute immunity extends to law clerks who perform discretionary functions, as well as administrative tasks that are integral to the judicial process and/or are undertaken pursuant to the explicit direction of a judicial officer. *See id.* at 40 (concluding that "'for purposes of absolute judicial immunity, judges and their law clerks are as one'" (quotation omitted)).

Clearly, Defendant Muldoon, a law clerk to a New York State Supreme Court Justice, is entitled to absolute immunity from Plaintiff's claims against him, and Plaintiff does not argue otherwise. Accordingly, the Court grants the State Defendants' motion to dismiss Plaintiff's claims against Defendant Muldoon based upon his absolute immunity from such claims.

**B.      The Town Defendants and the *Pro Se* Defendants**

*1. The Town Defendants*

The only two causes of action that even arguably apply to the Town Defendants are Plaintiff's eighth and tenth causes of action, which he asserts against all Defendants. In his eighth cause of action, Plaintiff asserts that "Defendants' proscribed conduct included but is not limited to interference with Plaintiff's right to counsel of his choice, engaging in false and unfounded personal attacks on Plaintiff and his mental capacity, threats of sanctions and penalties and failure to act on valid complaints made by Plaintiff to appropriate Government Defendants." *See* Plaintiff's Second Amended Complaint at ¶ 128. However, he makes no specific factual allegations against the Town Defendants that would support this conclusory

-13-

assertion. Moreover, with respect to the Town itself, Plaintiff does not allege that the Town had a policy, custom, or practice of violating citizens' civil rights nor does he allege that Defendant Kleiner is a "policy maker" or that, if he is a policy maker, what decisions he made that violated Plaintiff's civil rights.[5]

In his tenth cause of action, Plaintiff asserts that "Defendants' actions . . . violated Plaintiff's Constitutional rights and his rights as protected under the laws of the United States, including but not limited to those rights pursuant to 42 U.S.C. § §1983, 1985 and 1986," *see* Plaintiff's Second Amended Complaint at ¶ 139, and that, as a result, "Plaintiff is entitled to an award pursuant to 42 U.S.C. § 1988," *see id.* at ¶ 141.[6] As noted with reference to Plaintiff's eighth cause of action, Plaintiff does not assert any specific allegations against the Town Defendants to support this claim.

Accordingly, the Court grants the Town Defendants' motion to dismiss Plaintiff's claims against them for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### 2. The Dubbs Defendants

---

[5] The Court notes that, because the Town Defendants did not move from sanctions against Plaintiff or his counsel, this part of Plaintiff's eight cause of action cannot apply to the Town Defendants.

[6] The Court notes that, to the extent that Plaintiff's tenth cause of action seeks attorney's fees under § 1988, there is no separate cause of action under § 1988, rather § 1988 provides a form of relief, *see Barmore v. Aidala*, 419 F. Supp. 2d 193, 203 (N.D.N.Y. 2005) (stating that "[s]ection 1988 does not provide for any independent basis for recovery"), which is available only to a party who prevails on a federal civil rights claim, *see Panetta v. Crowley*, 460 F.3d 388, 399 (2d Cir. 2006) (quotation omitted).

With respect to Plaintiff's eighth and tenth causes of action, which, as noted, he asserts against all Defendants, the Court grants the Dubbs Defendants' motions to dismiss these claims against them for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff does not make any specific allegations against the Dubbs Defendants that would support these claims.

Plaintiff's ninth cause of action applies only to the Dubbs Defendants. He asserts that "[t]he Dubbs Defendants are necessary and proper parties to the instant action as persons who may be impacted by any decision in the instant case, either as former party litigants in *Gollomp v. Dubbs*, or as owners of property abutting Plaintiff's property." *See* Plaintiff's Second Amended Complaint at ¶ 132. He also alleges that, "[u]pon information and belief, the Dubbs Defendants were and are either direct or indirect participants in the actions of Government Defendants with respect to the 'Decision and Order' at issue and have benefitted therefrom." *See id.* at ¶ 133. Finally, he contends that, "[u]pon information and belief, the Dubbs Defendants knew or should have known that the 'Decision and Order' were [sic] forged or were [sic] suspect . . . [and that,] [u]pon information and belief, the Dubbs Defendants failed to act upon such knowledge or imputed knowledge." *See id.* at ¶¶ 134-135. Based upon these assertions, Plaintiff claims that the Dubbs Defendants violated § 1986. *See id.* at ¶ 136.

First of all, there is nothing in Plaintiff's complaint to support his conclusory assertion that the Dubbs Defendants are necessary parties to this action. Even if the Court were to find that these Defendants, or the other Defendants, had violated Plaintiff's constitutional rights, the Court could not "void" the state-court judgment, pursuant to which Plaintiff's claims against Defendants Eric and Michele Dubbs were dismissed. Plaintiff would have to seek that relief in state court

and, therefore, even if the Court ruled in Plaintiff's favor in this case, that outcome would have no effect on the Dubbs Defendants vis-a-vis Plaintiff's property dispute with them.

Second, Plaintiff offers no factual basis for his assertion that the Dubbs Defendants knew or should have known of the alleged forgery of Justice Meehan's signature. Nor does he indicate what the Dubbs Defendants could have or should have done had they suspected that such was the case. Finally, as noted, a § 1986 claim cannot exist without a valid § 1985 claim and, for the reasons stated above, Plaintiff has failed to establish a valid § 1985 claim.

Accordingly, for all of these reasons, the Court grants the Dubbs Defendants' motions to dismiss Plaintiff's claims against them for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**C.    The State Defendants' motion for sanctions against Plaintiff's counsel under 28 U.S.C. § 1927**

Section 1927 provides, in pertinent part, that

> [a]ny attorney . . . admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct.

28 U.S.C. § 1927

In this Circuit, "'[b]ad faith is the touchstone of an award under [§ 1927].'" *Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, No. 99 Civ. 10175, 2001 WL 1154669, *3 (S.D.N.Y. Oct. 1, 2001) (quotation omitted). Thus, "'"[a]n award under § 1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for

some improper purpose . . . ." *Id.* (sanctioning attorney $5,000 for pursuing meritless motion (quotation omitted)); *Pentagen Techs. Int'l, Ltd. v. United States*, 172 F. Supp. 2d 464, 473 (S.D.N.Y. 2001) (authorizing sanctions where attorney "engaged in a pattern of litigation designed to evade previous rulings").

Moreover, § 1927 imposes a continuing obligation to connect or withdraw claims, defenses, and litigation positions after it becomes obvious that they are without merit. Thus, once it is obvious that an asserted position has no factual or legal basis, the continued assertion of that position exposes counsel to § 1927 sanctions. *See United States v. Int'l Bhd. of Teamsters*, 948 F.2d 1338, 1344-45 (2d Cir. 1991) (holding that § 1927 "imposes an obligation on attorneys throughout the entire litigation to avoid dilatory tactics" (citation omitted)).

The State Defendants assert that the Court should impose sanctions against Plaintiff's counsel because they have continued to litigate the claims against the State Defendants even after it became clear that these claims lacked a factual or legal basis. *See* State Defendants' Memorandum of Law at 20. Moreover, the State Defendants contend that the following actions on the part of Plaintiff's counsel constitute "bad fath:"

> [a]fter serving [P]laintiff's attorneys with a Rule 11 Motion bringing to their attention the frivolous nature of the allegations against the State Defendants, [P]laintiff's attorneys filed an Amended Complaint repeating many of the same frivolous theories and claims and also adding frivolous claims against [D]efendant Spitzer in retaliation for the State Defendants' service upon [P]laintiff's attorneys of the Rule 11 Motion.

*See id.* at 22.

Finally, the State Defendants contend that,

> [n]ot only have [Plaintiff's counsel] ignored the Court's repeated

-17-

> admonitions and sanctions, [they] act as though they never occurred. In the November 8, 2006 telephone court conference pursuant to L.R. 7.1(b)(2) in this case held before Magistrate Judge Randolph F. Treece regarding the motion for sanctions, James E. Morgan represented to the Court that [Plaintiff's counsel] "were not sanctioned in the past." (See transcript of telephone conference, Docket #62 and attached as Exhibit B to the Declaration of Morgan A. Costello, sworn to January 19, 2007, at 11). This is a clear misrepresentation to the Court, for which [Plaintiff's counsel] have been previously sanctioned, *see, e.g., Korbel v. Zoning Bd. of Appeals of the Town of Horicon*, 28 A.D.3d 888, 890 (N.Y. App. Div. 2006) (sanctioning [Plaintiff's counsel] for asserting false material factual statements), and demonstrates [Plaintiff's counsel's] disregard of previous judicial admonitions and sanctions.

*See id.* at 7.

Plaintiff's counsel's only response to these allegations is that they "acted neither negligently nor recklessly in performance or [sic] [their] responsibilities as officers of the Court . . . [and] proceeded only in good faith and only after extensive research and investigation." *See* Plaintiff's Memorandum of Law at 12. Specifically, counsel contend that "[a]ll legal arguments were thoroughly researched, no argument was made which lacked merit, was frivolous, or was known to be false or inaccurate. . . . Arguments [that counsel] advanced all are made in good faith in reliance on existing statutes and precedent." *See id.* at 12-13.

The Court finds it incredible that Plaintiff's counsel continues to assert that they researched all legal arguments and made no legal argument that lacked merit in light of the well-established case law addressing the federal civil rights statutes and Eleventh Amendment jurisprudence, to say nothing of the numerous times that the judges in this District have instructed them about the relevant principles in these areas of the law. *See, e.g., Salvador*, 2001 WL 1574929, *2; *Gaboury*, 1999 WL 244829, *3.

-18-

Moreover, it is unfathomable that Mr. Morgan could represent to Magistrate Judge Treece that his law firm has never been sanctioned in light of Judge McAvoy's decision in *Gaboury*, pursuant to which he sanctioned Plaintiff's counsel by ordering them to pay $ 250 to the Court's *pro bono* fund as well as by ordering them to attend eight hours of a state-approved continuing legal education courses in either federal practice or federal civil rights litigation.

Finally, although Plaintiff's counsel has had ample opportunity in this case to withdraw the legally deficient and, thus, meritless claims and to file two amended complaints, they have failed to correct these deficiencies. Therefore, for all of these reasons, the Court orders Plaintiff's counsel to reimburse the State Defendants for the attorney's fees and costs that they incurred in conjunction with the State Defendants' motion to dismiss and their motion for § 1927 sanctions.

### III. CONCLUSION

After reviewing the entire file in this matter, the parties' submissions and oral arguments, and the applicable law, and for the reasons stated herein as well as at oral argument, the Court hereby

**ORDERS** that the State Defendants' motion to dismiss Plaintiff's claims against them is **GRANTED** in its entirety; and the Court further

**ORDERS** that the Town Defendants' motion to dismiss Plaintiff's claims against them is **GRANTED** in its entirety; and the Court further

**ORDERS** that the Dubbs Defendants' motions to dismiss Plaintiff's claims against them are **GRANTED** in their entirety; and the Court further

**ORDERS** that the State Defendants' motion for sanctions pursuant to § 1927 is

**GRANTED**; and the Court further

**ORDERS** that, on or before February 2, 2007, the State Defendants shall file with the Court a proposed order for reimbursement of the costs and attorney's fees that they incurred with respect to the filing of their motion to dismiss and their motion for sanctions pursuant to § 1927; and the Court further

**ORDERS** that, on or before February 9, 2007, Plaintiff's counsel shall file with the Court their papers, if any, in opposition to the State Defendants' proposed order; and the Court further

**ORDERS** that, on or before February 9, 2007, the Dubbs Defendants shall notify the Court and opposing counsel in writing if they intend to pursue their counterclaims against Plaintiff; and the Court further advises the Dubbs Defendants that, if the Court does not receive notification from them by this date, it will dismiss their counterclaims.

**IT IS SO ORDERED.**

Dated: February 5, 2007
       Syracuse, New York

                                                          _____
                                                          Frederick J. Scullin, Jr.
                                                          Senior United States District Court Judge