UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

BERNARD P. GOLLOMP,

                                    Plaintiff,

                      v.                                                  1:06-CV-802
                                                                         (FJS/RFT)

ELIOT SPITZER, individually and in his
official capacity as Attorney General of
the State of New York; STATE OF NEW
YORK; UNIFIED COURT SYSTEM OF
THE STATE OF NEW YORK; BRUCE
MULDOON, ESQ., individually and
in his official capacity as law clerk; TOWN
OF ORANGETOWN; THOM KLEINER,
individually and in his official capacity as
Supervisor of the Town of Orangetown;
ERIC DUBBS; MICHELE DUBBS; and
SEYMOUR DUBBS, ESQ.,

                                    Defendants.

_____

APPEARANCES                                     OF COUNSEL

**GALVIN AND MORGAN**                 **JAMES E. MORGAN, ESQ.**
217 Delaware Avenue                         **MADELINE SHEILA GALVIN, ESQ.**
Delmar, New York 12054
Attorneys for Plaintiff

**OFFICE OF THE NEW YORK**         **MORGAN A. COSTELLO, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants Eliot Spitzer,
State of New York, Unified Court
System of the State of New York and
Bruce Muldoon

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

Currently before the Court are the State Defendants' proposed order for reimbursement of costs and attorney's fees, which they filed pursuant to this Court's instructions, and Plaintiff's motion for reconsideration of this Court's February 5, 2007 Memorandum-Decision and Order pursuant to Rule 60 of the Federal Rules of Civil Procedure.[1]

**II. BACKGROUND**

In its February 5, 2007 Memorandum-Decision and Order, the Court, among other things, granted the State Defendants' motion to dismiss and their motion for sanctions pursuant to 28 U.S.C. § 1927. *See* Dkt. No. 78 at 19-20. The Court also instructed the State Defendants to "file a proposed order for reimbursement of the costs and attorney's fees that they incurred with respect to the filing of their motion to dismiss and their motion for sanctions pursuant to § 1927." *See id.* at 20. The State Defendants submitted the requested information on February 2, 2007.[2]

---

[1] In her Affidavit, Plaintiff's counsel states that "Plaintiff respectfully requests that this Court reconsider its decision of **January 5, 2007**, entered **January 6, 2007** . . . ." *See* Affidavit of Madeline Sheila Galvin, sworn to February 13, 2007 ("Galvin Aff."), at ¶ 2 (emphasis added). The Court assumes that Plaintiff's counsel intended to state that Plaintiff is seeking reconsideration of this Court's February 5, 2007 Memorandum-Decision and Order, *see* Dkt. No. 78. The Court did not entertain oral argument on the motions at issue until January 26, 2007. *See* Dkt. No. 76.

[2] The Court heard oral argument regarding the State Defendants' motion to dismiss and their motion for sanctions on January 26, 2007. At that time, the Court provided the State Defendants with one week to submit a proposed order and supporting documentation, which they did on February 2, 2007. *See* Dkt. No. 77. In addition, on February 9, 2007, the State Defendants filed a supplemental letter, in which they informed the Court that they were "willing to accept the prevailing market rates for attorneys' fees in the Northern District as established in .

(continued...)

*See* Dkt. No. 77. Although the Court instructed Plaintiff to file any papers in opposition to the State Defendants' proposed order by February 9, 2007, *see* Dkt. No. 78 at 20, he did not do so. However, Plaintiff did file a motion for reconsideration of all aspects of the Court's February 5, 2007 Memorandum-Decision and Order on February 15, 2007, *see* Dkt. No. 83, and subsequently filed a Notice of Appeal on February 23, 2007, *see* Dkt. No. 89.

### III. DISCUSSION

A.   **Reimbursement of attorney's fees and costs as a sanction pursuant to 28 U.S.C. § 1927**

"[T]he court determines reasonable attorney's fees by using the lodestar method, which involves multiplying the number of hours that the [party's] attorney spends on the matter by a reasonable hourly rate." *Paramount Pictures Corp. v. Hopkins*, No. 5:07-CV-593, 2008 WL 314541, *4 (N.D.N.Y. Feb. 4, 2008) (citation omitted). In *Hopkins*, this Court recently reiterated that, based upon the relevant factors for determining such an award, "the reasonable hourly rates in this District, i.e., what a reasonable, paying client would be willing to pay, were $210 per hour for an experienced attorney, $150 per hour for an attorney with four or more years experience, $120 per hour for an attorney with less than four years experience, and $80 per hour for paralegals." *Id.* at 5 (citation omitted).

The State Defendants submitted their counsel's contemporaneous time records, which set forth the amount of time that she expended and a description of the work she performed

---

[2](...continued)
. . *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, No. 03-CV-502, 2005 U.S. Dist. LEXIS 4362, **18-19 (Mar. 22, 2005) . . . ." *See* Dkt. No. 80.

pertaining to their motion to dismiss and their motion for sanctions.  *See* Dkt. No. 77.[3]  They also submitted an invoice showing that they incurred costs in the amount of $130.20, for the "court reporter fee for a stenographic transcript of the November 8, 2006 telephone court conference before Magistrate Judge Randolph F. Treece . . . ."  *See* Declaration of Morgan A. Costello dated February 2, 2007 ("Costello Decl."), at ¶ 10 & Exhibit "B" attached thereto.[4]

The contemporaneous time records of counsel for the State Defendants indicate that she expended 127.6 hours on the relevant matters.  *See id.* at ¶ 8 & Exhibit "A" attached thereto.  The Court has reviewed these records and finds that the hours that counsel expended are reasonable. Counsel also indicates that she has "nine and a half years of litigation experience in various federal and state courts."  *See id.* at ¶ 6.  Therefore, the Court finds that counsel is an experienced attorney, for whom a reasonable hourly rate is $210.  Accordingly, the Court directs Plaintiff's counsel to reimburse the State Defendants in the amount of **$26,796.00** for reasonable attorney's fees and **$130.20** for costs pursuant to 28 U.S.C. § 1927.[5]

---

[3] Counsel for the State Defendants noted that, "[u]nlike in private practice, as an Assistant Attorney General in the New York State Department of Law, [she was] not required to record [her] time for billing purposes.  However, given the apparent frivolous nature of this lawsuit, beginning in June 2006, [she] began to record and describe the time [she] spent litigating this matter."  *See* Declaration of Morgan A. Costello, dated February 2, 2007, at ¶ 7.

[4] Counsel for the State Defendants explained that, during this telephone conference, "James E. Morgan, Esq. [Plaintiff's counsel] misrepresented to the Court that plaintiff's counsel in this case 'were not sanctioned in the past.'"  *See* Costello Decl. at ¶ 10.  Counsel further stated that "[i]t was necessary for [the] State Defendants to obtain such transcript in this case as documentary proof of Mr. Morgan's misrepresentation to the Court."  *See id.*

[5] In his motion for reconsideration, Plaintiff takes issue with the State Defendants' counsel's contemporaneous time records and a portion of the costs associated with the stenographer's fees.  The Court has reviewed Plaintiff's arguments and concludes that they provide no basis for reconsidering the Court's decision regarding the appropriate amount of

(continued...)

**B.     Plaintiff's motion for reconsideration**

Plaintiff moves for reconsideration pursuant to Rule 60 of the Federal Rules of Civil Procedure.[6] In this district, a court should only grant a motion for reconsideration in three limited circumstances: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) a need to correct clear error of law or prevent manifest injustice." *Taormina v. Int'l Bus. Machs. Corp.*, No. 1:04-CV-1508, 2006 WL 3717338, *1 (N.D.N.Y. Dec. 14, 2006) (citing *New York ex rel. Vacco v. RAC Holding, Inc.*, 135 F. Supp. 2d 359, 362 (N.D.N.Y. 2001)). Courts strictly apply this standard and generally deny motions for reconsideration "unless the moving party presents 'controlling decisions or data that the court overlooked. . . .'" *Id.* (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Finally, if a party seeks reconsideration based on an error of law, "the court has broad discretion and should not disregard the law of the case unless it has a 'clear conviction of error.'" *Id.* (quoting *RAC Holding, Inc.*, 135 F. Supp. 2d at 362).

Plaintiff has not presented an intervening change in controlling law or any new evidence, therefore, the Court assumes that Plaintiff seeks reconsideration on the ground that there is "a need to correct clear error of law or prevent manifest injustice." *Id.*

Having reviewed Plaintiff's counsel's 179-paragraph Affidavit and its attachments, as well

---

[5](...continued)
attorney's fees and costs that the State Defendants should recover pursuant to 28 U.S.C. § 1927.

[6] Pursuant to Rule 60, Plaintiff requests that the Court grant his motion for reconsideration and "Vacate the **Judgment** of this Court . . . ." *See* Galvin Aff. at "Wherefore Clause" (emphasis added); *see also* Plaintiff's Memorandum of Law at 19. The Court, however, has not entered a judgment in this matter; and, thus, Rule 60, which applies only to final judgments or orders is not applicable to this motion. Rather, Plaintiff's motion is best characterized as a motion for reconsideration under Rule 7.1(g) of this District's Local Rules.

as Plaintiff's memorandum of law, the Court concludes that there is nothing in those documents to even suggest that the Court's decision rested on any error of law, let alone a clear error of law. Rather, it appears that Plaintiff is attempting to relitigate the merits of his claim based upon many of the same arguments that he previously made. Therefore, the Court denies Plaintiff's motion for reconsideration.

### IV. CONCLUSION

After reviewing the entire file in this case, the parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiff's counsel shall reimburse the State Defendants in the amount of **$26,796.00** for reasonable attorney's fees and **$130.20** for costs pursuant to 28 U.S.C. § 1927; and the Court further

**ORDERS** that Plaintiff's motion for reconsideration is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case in accordance with this Court's February 5, 2007 Memorandum-Decision and Order and

this Memorandum-Decision and Order.[7]

**IT IS SO ORDERED.**

Dated: January 14, 2009
       Syracuse, New York

　　　　　　　　　　　　　　　　　　　　　　　Frederick J. Scullin, Jr.
　　　　　　　　　　　　　　　　　　　　　　　Senior United States District Court Judge

---

[7] The Court also notes that the judgment should reflect that this Court "so-ordered" the Dubbs Defendants' letter in which they stated that they had "decided to withdraw the counterclaims set forth in [their] answers to the complaint and amended complaints without prejudice to reinstating same in any subsequent action or proceeding that may follow this Court's Order." *See* Dkt. No. 81.